The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act, the same being Ark. Stat. Ann. 12-2801 et seq. You have asked, specifically, whether a person who contracts with the City of Marshall to dispatch police calls may surrender the radio log upon the request of a city council member.
The answer to your question is yes.
Ark. Stat. Ann. 12-2803 defines a public record as
. . . writings, recorded sounds, films tapes or data compilations in any form (a) required by law to be kept, or (b) otherwise kept and which constitute a record of the performance or lack of performance of official functions which are, or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds, or expending public funds.
All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
Additionally, Ark. Stat. Ann. 12-2804 states in pertinent part:
 Except as otherwise specifically provided herein, by laws now in effect, or by laws hereinafter specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of records.
The above language clearly encompasses a log of police calls within the definition of public record since the log records the performance of an official function carried out by a public official or employee. Additionally, a person who contracts with a governmental entity to serve as a dispatcher can be considered a public employee for the purpose of the Freedom of Information Act, thereby making any work-related document kept in the contractor's possession a public record.
The above referenced statutes also indicate that public records, unless exempted elsewhere in the Act or the Arkansas statutes, are subject to inspection and copying by citizens of the State. The provisions of the Freedom of Information Act hold true for all citizens of the State of Arkansas, so it is of no consequence that the requestor of a record is a city council member.
In sum, the log kept by a police dispatcher is a public record and therefore available for public examination and copying as provided for by the Freedom of Information Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.